Statement of the Case.
BREAUX, C. J.
The' defendant was convicted of the offense of conducting a poolroom. The constitutionality of Act No. 128, p. 292, of the Session of 1904 is attacked by him, on the ground that the Legislature failed to define the offense with which he is charged.
The bill of information avers that the defendant was the owner and proprietor of a poolroom, in which he opened and conducted a poolroom. On the motion of defendant, a bill of particulars was filed by the district attorney, in accordance with the Constitution, informing the defendant that the offense “herein alleged was committed at a place known as ‘Jake’s Cigar Store,’ at tbe corner of Canal and Royal street, and bearing the municipal number: 701 Canal street.”
He was tried, found guilty, and sentenced to pay a sum of $305, and in default of payment to imprisonment for four months.
During the trial he moved in arrest, on the ground, substantially, that the statute before cited does not define the crime it attempts to denounce; that the accusation is left to inference and conjecture; that the statute in question is repugnant to article 10 of the Constitution. Its first section reads:.
*381 “That the operation of turf exchanges is hereby declared to be gambling, and that from and after the first day of September, 1904, it shall be unlawful for any person, firm or corporation to open or operate or to conduct, or for any person to open or operate or to conduct or for any person to work in a turf exchange, in this state.”
In the second section, the owner, agent, or employe of such poolroom is mentioned as guilty of a misdemeanor.
A motion in arrest of judgment on the ground that the statute did not define an offense was overruled, a bill of exceptions reserved, and an appeal taken.
Judgment.
The statute attacked prohibits gaming in poolrooms. Betting upon horse races in poolrooms, where persons assemble for the purpose, is the crime the statute intends to denounce. The words “poolroom” and “turf exchange” are used interchangeably in the statute, and together unerringly suggest betting on horse races, and convey the direct meaning — in a poolroom.
The ordinary meaning of the words of the statute, construed together, unmistakably denounces as illicit an act of betting in poolrooms.
The statute does not include the legitimate betting on horse races on the race track. It prohibits an act which had become gambling and a crying evil, because the racing of horses was the merest incident and gambling was the attraction (in a retired place away from the race track). Nobody saw the horses, and few of the betters were concerned about their speed and endurance, but they sought the poolroom on account of the opportunity for gambling which the place afforded. Legislation has placed its bar upon this species of gambling in words that none can misunderstand. Restrictions are upon pool selling in poolrooms. It is incumbent upon us to interpret statutes as written.
These words have a clearly defined meaning, which of late years is generally known. It is well known in that connection that pool selling in poolrooms had become a mischief because of its gambling feature, which it was the purpose to suppress.
In determining what constitutes the offense, reference is to be had to well-established definitions.
Recurring to the dictionaries, there are several definitions, it is true. They are separate and distinct. They only render clearer the meaning of the statute. It may mean an aggregated stake to which the better contributes. See Webster.
The question has a history. Originally the well-known case, which created attention, came up before us on appeal from a judgment of conviction for the betting here denounced. Prior to the decision in the case just referred to there was no crime denounced such as that contained in the statute before mentioned. After the decision in that ease, the Legislature enacted the present statute for the purpose of suppressing such acts as its words denote. In view of this, the question is confined to the particular act of pool selling to which the definition of other “pools” can have no application.
Prom the point of view before mentioned, we do not see wherein the statute is devoid of certainty.
Counsel for defendant at the bar, also, in his carefully prepared and elaborate brief, calls attention to the bill of particulars, furnished under order of the district judge, showing that the offense was committed at a place known as “Jake’s Cigar Store,” as before mentioned.
This indication of the place is not incompatible with the idea that the poolroom is kept in that cigar store. Whether it was or not is a question of fact for the court to determine, after having heard the witnesses. With the record before us, we would not be *382 justified in holding that it was a poolroom which defendant conducted at the place mentioned. See Maloney Decision (handed down this day) 39 South. 539, ante, p. 497.
The defendant’s grounds are not tenable. They must be decided against him.
For reasons assigned, and the law and the evidence, the sentence and judgment are affirmed.